UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

01 FEB 23 PM 2: 32

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CAUSE NO. 2:00CR71RL |
| V. ) | |
| ) | 18 U.S.C. § 922(g)(2) |
| DARRELL TURNER ) | 18 U.S.C. § 922(a)(6) |
| ) | 18 U.S.C. § 924(a)(2) |
| ) | 18 U.S.C. § 2 |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES :**

### COUNT 1

On or about October 19, 1999, in the Northern District of Indiana,

**DARRELL TURNER,**

defendant herein, then being a fugitive from justice, did knowingly possess in or affecting commerce, a firearm, namely: One (1) Hi Point .45 caliber, model JH handgun;

All in violation of Title 18, United States Code, Sections 922(g)(2) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES :

## COUNT 2

On or about November 8, 1999, in the Northern District of Indiana,

**DARRELL TURNER,**

defendant herein, then being a fugitive from justice, did knowingly possess in or affecting commerce, a firearm, namely: One (1) Intratec, 9mm, model AB 10, handgun;

All in violation of Title 18, United States Code, Sections 922(g)(2) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES :

## COUNT 3

On or about October 19, 1999, in the Northern District of Indiana,

**DARRELL TURNER**,

defendant herein, in connection with his acquisition of a firearm from Jack's Loan, a licensed firearms dealer, knowingly made a false and fictitious written statement to Jack's Loan, which was likely to deceive Jack's Loan, as to a fact material to the lawfulness of such sale of said firearm to the defendant under Chapter 44, Title 18, in that the defendant represented that he was not a fugitive from justice, when in fact, the defendant then well knew, that he had failed to appear in 1995, for a trial on charges of domestic battery, in the Chick Springs Summary Court, located in the county of Greenville, South Carolina;

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES :

## COUNT 4

On or about November 8, 1999, in the Northern District of Indiana,

**DARRELL TURNER,**

defendant herein, in connection with his acquisition of a firearm from Firearms Unlimited, a licensed firearms dealer, knowingly made a false and fictitious written statement to Firearms Unlimited, which was likely to deceive Firearms Unlimited, as to a fact material to the lawfulness of such sale of said firearm to the defendant under Chapter 44, Title 18, in that the defendant represented that he was not a fugitive from justice, when in fact, the defendant then well knew, that he had failed to appear in 1995, for a trial on charges of domestic battery, in the Chick Springs Summary Court, located in the county of Greenville, South Carolina;

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES :

## COUNT 5

On or about October 19, 1999, in the in the Northern District of Indiana,

**DARRELL TURNER,**

defendant herein, having been convicted on or about September 26, 1995, in the Chick Springs Summary Court, located in the county of Greenville, South Carolina, of the crime of criminal domestic violence, a misdemeanor under the laws of the State of South Carolina, did knowingly possess in or affecting commerce, a firearm, namely: One (1) Hi Point .45 caliber, model JH handgun;

All in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES :

## COUNT 6

On or about November 8, 1999, in the in the Northern District of Indiana,

**DARRELL TURNER,**

defendant herein, having been convicted on or about September 26, 1995, in the Chick Springs Summary Court, located in the county of Greenville, South Carolina, of the crime of criminal domestic violence, a misdemeanor under the laws of the State of South Carolina, did knowingly possess in or affecting commerce, a firearm, namely: One (1) Intratec, 9mm, model AB 10, handgun;

All in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2).


A TRUE BILL:

_____
FOREPERSON


DAVID CAPP
UNITED STATES ATTORNEY

By: _____
Philip C. Benson
Assistant United States Attorney
Attorney # 14498-45