UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:00-CR-71-TLS |
| DARRELL TURNER | |

**OPINION AND ORDER**

This matter is before the Court on several pending motions. The Defendant seeks relief from his current sentence through a Writ of Coram Nobis [ECF No. 59] and a motion pursuant to 28 U.S.C. § 2255. The relief requested by the Defendant in his motions is granted in part and denied in part.

**BACKGROUND**

On March 9, 2001, the Defendant, pursuant to a plea agreement, pleaded guilty to Count 2 of the superseding indictment, which charged him with possession of a firearm while being a fugitive from justice, in violation of 18 U.S.C. § 922(g)(2). *See* ECF Nos. 36, 37. On June 28, 2001, the Defendant was sentenced to twelve months and one day imprisonment accompanied by a three-year term of supervised release. *See* ECF No. 38. The Defendant was released from custody in late 2001, but was indicted on February 13, 2003, in an unrelated case ("2003 Case"). *See* Indictment, No. 3:03-CR-22, ECF No.1. Notably, in the 2003 Case the Defendant was charged with criminal activity that was committed while he was on supervised release for his conviction in the instant case.

On April 21, 2003, the Defendant pleaded guilty to Counts 1, 3, and 6 of the indictment in the 2003 Case, "charging him with possession with intent to distribute cocaine base [Counts 1

and 3], in violation of 21 U.S.C. § 841(a)(1), and maintaining a crack house [Count 6], in violation of 21 U.S.C. § 856(a)(1)." Apr. 29, 2004 Sentencing Findings 1, No. 3:03-CR-22, ECF No. 105. The Defendant then proceeded to trial on the remaining counts on April 23, 2003, where

> a jury found him guilty of possession of a firearm in furtherance of drug trafficking activity [Counts 2 and 4], in violation of 18 U.S.C. § 924(c)(1), possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year [Count 5], in violation of 18 U.SC. § 922(g)(1), and assault of a witness to prevent communications with law enforcement [Count 7], in violation of 18 U.S.C. § 1512(a)(2)(C).

*Id.*

The Defendant's sentencing in the 2003 Case is a bit complex. Prior to sentencing, Judge Miller issued a Sentencing Findings. *See* ECF No. 105. In his Sentencing Findings, Judge Miller determined that, pursuant to § 3D1.2(d) of the Sentencing Guidelines, Counts 1, 3, 5, and 6, were to be grouped together for determination of an offense level, while Count 7 constituted a separate group. *Id.* at 3. Judge Miller also determined that Counts 2 and 4 could not be grouped because they carried mandatory consecutive sentences. *Id.*

For Counts 1, 3, 5, and 6, Judge Miller determined that the base offense level was 32 because the Defendant possessed more than 50 but less than 150 grams of cocaine base. *Id.* at 4–5. He also concluded that the Defendant's offense level should be increased by four additional points—two points for being an organizer, leader, manager, or supervisor of the drug trafficking operation, and two points for obstructing justice—resulting in a total offense level of 36. *Id.* at 5–6, 8. Judge Miller determined that Count 7 carried an offense level of 26 and, thus,

2

disregarded it pursuant to § 3D1.4(c) of the Sentencing Guidelines. *Id.* at 8.

After determining the offense level, Judge Miller calculated the Defendant's criminal history category. *Id.* at 8–9. The breakdown of the criminal history points was as follows:

> [O]ne point for his 1995 misdemeanor conviction for criminal domestic violence in Greenville County, South Carolina, two points for his 2001 conviction in the Hammond Division of this court for possession of a firearm while a fugitive from justice, two points because he was on supervised release at the time of the instant offense, and one point because the instant offense was committed less than two years following his release from custody on November 9, 2002.

*Id.*[1] The Defendant, based on the above, had six criminal history points, resulting in a criminal history category of III. *Id.* at 9. Based on a total offense level of 36 and criminal history category of III, Judge Miller concluded that the Defendant's sentencing guideline range was 235–293 months, and that "[b]y statute, Count 2 will add five years (60 months) and Count 4 will add 25 years (300 months) to whatever sentence the court selects from that range." *Id.* at 9.

On May 12, 2004, Judge Miller sentenced the Defendant as follows:

> Accordingly, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the Defendant, Darrell Turner, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 240 months on Counts 1, 3, 6, and 7, with those terms to run concurrently with each other; 13 months on Count 5, with that term to be served consecutive to the terms of imprisonment imposed on Counts 1, 3, 6, and 7; 60 months on Count 2 and 300 months on Count 4, with each of those terms to be served consecutively to each other and to the terms imposed on all other counts, for a total term of imprisonment of 613 months.

May 12, 2004 Sentencing Order 2, No. 3:03-CR-22, ECF No. 108. On June 5, 2008, Judge Miller granted a Petition for Reduction of Sentence based on an amendment to the Sentencing

---

[1] Notably, five of the Defendant's criminal history points are connected to the Defendant's conviction in this case.

3

Guidelines (which reduced the Defendant's offense level to 34) and reduced the imposed sentence of imprisonment on Counts 1, 3, 6, and 7 to 221 months imprisonment. June 5, 2008 Order on Mot. for Sentence Reduction Pursuant to Amendment 706, No. 3:03-CR-22, ECF No. 203. Based on another amendment to the Sentencing Guidelines (which reduced the Defendant's offense level to 32), Judge Miller, again, reduced the imposed sentence of imprisonment on Counts 1, 3, 6, and 7 to 187 months imprisonment. Mar. 28, 2012 Op. & Order 3, No. 3:03-CR-22, ECF No. 299. The Sentencing Guidelines were amended once again (which reduced the Defendant's offense level to 30) and Judge Miller further reduced the Defendant's imposed sentence on Counts 1, 3, 6, and 7 to 178 months imprisonment. July 6, 2015 Order 3–4, No. 3:03-CR-22, ECF No. 314. Accordingly, the Defendant's consecutive sentences in the 2003 Case are 178 months on Counts 1, 3, 6, and 7, "60 months on Count 2, 300 months on Count 4, and 13 months on Count 5 . . . , producing an aggregate sentence of 551 months." *Id.* at 4.

On June 24, 2004, in the instant case, the Court found the Defendant to be in violation of his conditions of supervised release and revoked his term of supervised release. June 24, 2004 Order, ECF No. 58. As a result, the Defendant was "committed to the custody of the Bureau of Prisons for a term of twelve months (12) and one day to run consecutive to [the 2003 Case]." *Id.* According to the BOP's find an inmate tool, the Defendant's scheduled release date is June 15, 2044. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Sept. 11, 2020).

On January 27, 2020, in the instant case, the Defendant filed a Writ of Coram Nobis [ECF No. 59]. The Defendant has since filed several motions and supplements related to his

4

initial motion. The following motions are pending before the court:

- Writ of Coram Nobis [ECF No. 59], filed on January 27, 2020;

- Motion to Amend Petitioner's Coram Nobis, Pursuant to Fed. R. Civ. P. 15(a) [ECF No. 61], filed on February 21, 2020;

- Motion for Discovery (Rule 6(a)) in Order to Fully Develop Coram Nobis Claims [ECF No. 62], filed on March 13, 2020;

- Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) [ECF No. 63], filed on March 13, 2020;

- Motion to Amend Petitioner's Motion for Coram Nobis Relief (Doc. 59), Pursuant to Fed. R. Civ. Pro. 15 [ECF No. 64-1], filed on March 23, 2020;

- Motion to Withdraw Coram Nobis and Subsequent Filings [ECF No. 65], filed on March 30, 2020;

- Motion to Strike and Clarify and Reinstate [ECF No. 66], filed on March 30, 2020;

- Rule 7 Motion Requesting Expansion of Record [ECF No. 68], filed on May 18, 2020; and

- Motion to Disqualify Chief Judge Springmann [ECF No. 73], filed on August 4, 2020.

The Court in this Opinion and Order will, as appropriate, rule on the pending motions.

1.  *Writ of Coram Nobis [ECF No. 59], Motion to Amend Petitioner's Coram Nobis, Pursuant to Fed. R. Civ. P. 15(a) [ECF No. 61], Motion to Amend Petitioner's Motion for Coram Nobis Relief (Doc. 59), Pursuant to Fed. R. Civ. Pro. 15 [ECF No. 64-1]*

The writ of coram nobis is an ancient common-law remedy that can be used to correct errors of legal and factual error in criminal cases. *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016). Relief under coram nobis "is available when: (1) the error alleged is 'of the most fundamental character' as to render the criminal conviction 'invalid'; (2) there are 'sound

5

reasons' for the defendant's 'failure to seek earlier relief''; and (3) 'the defendant continues to suffer from his conviction even though he is out of custody.'" *Id.* (quoting *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007)). If the defendant is still in custody, "he must look to § 2254 or § 2255 for relief." *United States v. Akkaraju*, 97 F. App'x 43, 45 (7th Cir. 2004) (quoting *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)).

The Defendant's initial request for relief was made in his Writ of Coram Nobis [ECF No. 59]. In his Motion to Amend [ECF No. 61], the Defendant requests permission to amend his Writ of Coram Nobis [ECF No. 59], such that it seeks relief pursuant to a writ of coram nobis and pursuant to 28 U.S.C. § 2255. Mot. to Amend 3, ECF No. 61; *see also* Second Mot. to Amend. 2, ECF No. 64-1. Pro se filings must be construed liberally, and the Court freely allows petitioners leave to amend their filings when justice so requires. *Bishop v. United States*, No. 3:19-CV-373, 2020 WL 525935, at *1 (N.D. Ind. Jan. 31, 2020) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017)).

The Defendant remains in custody for his conviction in the instant case, *see* Jun 24, 2020 Order, thus he must seek relief pursuant to a § 2255 motion rather than through a writ of coram nobis. Accordingly, the Court must deny any requests for relief sought through a writ of coram nobis, but will grant the Defendant's Motion to Amend Petitioner's Coram Nobis, Pursuant to Fed. R. Civ. P. 15(a) [ECF No. 61], and his Motion to Amend Petitioner's Motion for Coram Nobis Relief (Doc. 59), Pursuant to Fed. R. Civ. Pro. 15 [ECF No. 64-1]. Based on the amendments, the Court will construe the Defendant's Writ of Coram Nobis [ECF No. 59] to be a motion seeking relief pursuant to 28 U.S.C. § 2255.

## 2.     *Initial Review of Defendant's § 2255 Motion*

The Defendant argues that his conviction in this matter should be overturned based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court addressed the Government's burden when it brings a charge pursuant to 18 U.S.C. §§ 922(g) and 924(a)(2). 139 S. Ct. at 2194. Section 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms, 18 U.S.C. § 922(g), and § 924(a)(2) sets forth the penalties associated with violating § 922(g) by indicating that "[w]hoever knowingly violates [18 U.S.C. § 922(g)] shall be fined as provided in this title, imprisoned not more 10 years, or both," *id.* § 924(a)(2).

In *Rehaif*, the Supreme Court addressed whether the "scope of the word 'knowingly' . . . [means] that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)[.]" 139 S. Ct. at 2194. The Court held "that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status" and that "[t]o convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.*

In the instant case, the Defendant pleaded guilty to possessing a firearm while being a fugitive from justice. Plea Agreement § 9(a), ECF No. 36. The Defendant, however, argues that he would not have pleaded guilty had he known that the Government would have to prove that he knew he was a fugitive from justice. Writ of Coram Nobis 8, ECF No. 59. In

7

fact, the Defendant represents that he is actually innocent of the charges in this matter because he was not aware that he was a fugitive from justice when he was arrested and charged in the instant case. *Id.* at 8–9.

The Court, in its preliminary review of a § 2255 motion, is to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings. If it appears as such, the Court must dismiss the motion. *Id.* However, if the motion is not dismissed, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The Supreme Court's decision in *Rehaif* has obvious relevance to the instant case; therefore, the Court cannot conclude that the Defendant's § 2255 motion is baseless. Further, the Defendant's motion contains no blatant procedural deficiencies, as the motion is not a second or successive § 2255 motion and it was filed less than a year after the *Rehaif* decision. The Court notes that there may be hurdles to the Defendant's § 2255 motion, including the retroactivity of the Supreme Court's decision in *Rehaif*[2] and the terms of the Defendant's plea agreement.[3] The Court, however, despite these hurdles, cannot conclude that it plainly

---

2  At this time, it does not appear that the Seventh Circuit has opined on whether *Rehaif* applies retroactively. *See, e.g.*, *Geddes v. Marske*, No. 19-cv-608, 2020 WL 2801407, at *3 (W.D. Wis. May 29, 2020) ("There is also legitimate question as to whether *Rehaif* is retroactive. On one hand, the Court of Appeals for the Eleventh Circuit concluded that *Rehaif* is not retroactive, and post-conviction relief under 28 U.S.C. § 2255 is not available. On the other hand, no other court of appeals, including the Seventh Circuit, has reached any conclusion on this specific question, and respondent has suggested in another case in this district court that claims under *Rehaif should* be brought under § 2241.") (citations omitted)

3  The Court notes that the Defendant, in his Plea Agreement, "agree[d] not to contest [his] sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255." Plea Agreement § 9(j). The Court notes that "[i]t is well-settled that waivers

8

appears that the Defendant is not entitled to relief. Accordingly, this matter must proceed in the manner described in the Conclusion of this Order.

3.  ***Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) [ECF No. 63]***

The advisory committee's notes to § 2255 provide that "[t]here is no filing fee required of a movant under these rules." Rule 3, Rules Governing § 2255 Proceedings, Advisory Committee's Notes; *United States v. Thomas*, 713 F.3d 165, 173 (3rd Cir. 2013) ("However, it recognized that Rule 3 of § 2255 includes an Advisory Committee Note which provides that 'there is no filing fee required of a movant under these rules.'" (quoting Rule 3, Rules Governing § 2255 Proceedings, Advisory Committee's Notes)). As such, the Defendant, without an order from the Court, is permitted to proceed with his § 2255 claim without paying a filing fee or any associated costs. Accordingly, the Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) [ECF No. 63] is denied as moot.

4.  ***Motion to Withdraw Coram Nobis and Subsequent Filings [ECF No. 65] and Motion to Strike and Clarify and Reinstate [ECF No. 66]***

In his Motion to Withdraw Coram Nobis and Subsequent Filings [ECF No. 65], the Defendant requests to withdraw his Writ of Coram Nobis [ECF No. 59] and any related motions. However, in his Motion to Strike and Clarify and Reinstate [ECF No. 66], the Defendant

---

of direct and collateral review in plea agreements are generally enforceable"; however, there are exceptions. *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013) (citing *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010); *Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999)); *see also Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) ("Nevertheless, although these allegations allow [the defendant] to open the door to collateral relief, they do not necessarily permit him to walk through it."); *United States v. Smith*, 759 F.3d 702, 706–08 (7th Cir. 2014). The parties will have to address whether such an exception exists in this circumstance.

requests that the Court reinstate his Writ of Coram Nobis [ECF No. 59] and any related motions. Although the Defendant mailed the documents at different times, the Court received both Motions on the same day. As such, there was no time for the Court to consider and rule on the Defendant's Motion to Withdraw Coram Nobis and Subsequent Filings [ECF No 65] before its receipt of the Motion to Strike and Clarify and Reinstate [ECF No. 66]. As such, the Court will deny as moot both the Defendant's Motion to Withdraw Coram Nobis and Subsequent Filings [ECF No. 65] and his Motion to Strike and Clarify and Reinstate [ECF No. 66].

5. *Motion to Disqualify Chief Judge Springmann [ECF No. 73]*

Most recently the Defendant has filed a Motion to Disqualify Chief Judge Springmann [ECF No. 73]. Pursuant to 28 U.S.C. § 455(a) a federal judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Seventh Circuit has explained that:

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person.... Trivial risks are endemic, and if they were enough to require disqualification we would have a system of peremptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons.

*Stewart v. Jackson*, No. 1:17-CV-273, 2018 WL 1915852, at *1–2 (N.D. Ind. Apr. 23, 2018) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The Defendant does not designate any evidence that would lead an informed, reasonable person to conclude that the Court will decide the case on grounds other than the merits or that the undersigned has any

10

personal bias or prejudice against the Defendant. Indeed, the Defendant supports his argument only by arguing that the Court has violated his constitutional rights by failing to promptly examine his § 2255 motion as required by the Rules Governing § 2255 Motions. The Defendant supports this assertion by pointing out the amount of time that has passed since the Defendant made the instant motion, that the Court has issued other orders since the Defendant filed the instant motion, and that the District Court for the Western District of Virginia has already ruled on a similar motion made by the Defendant. The Defendant also argues that he has been prejudiced by the Court's delay.

The Defendant's argument is misguided. Foremost, "a judge's 'ordinary efforts at courtroom administration' or docket management are 'immune' from claims of bias or partiality." *United States v. Perez*, 956 F.3d 970, 975 (7th Cir. 2020) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Therefore, the Defendant's arguments that the undersigned is biased because of the time taken to rule on the instant motion, because the Court has ruled on other motions, or because the Court did not rule as quickly as the Western District of Virginia do not support recusal.[4]

Moreover, the Court has not failed to promptly examine the Defendant's § 2255 motion. The Defendant's first motion, a Writ of Coram Nobis, was filed on January 27, 2020.

---

4 The Court notes that the Defendant's contention that the District Court for the Western District of Virginia has ruled on a substantially similar motion to the instant Motion is a blatant misrepresentation. The District Court for the Western District of Virginia has "taken under advisement" the Defendant's Motion to Hold Petitioner's 2241 in Abeyance. *See* May 20, 2020 Order, *Turner v. Streeval*, 7:20-CV-180, ECF No. 10. The District Court for the Western District of Virginia's Order is a standard order that could be issued with no—or minimal—research. The Court in this matter was required to review multiple dockets with hundreds of entries, request records from the Court's archives in Chicago, Illinois, assess the merits of several motions, and research caselaw surrounding *Rehaif* and § 2255 motions before it could issue this Opinion and Order.

The Defendant then continued filing motions and supplemental materials, including occasional contradictory motions, until May 2020. The Court, only four months later, is now issuing an order as a result of its initial examination of the 14 docket entries related to the Defendant's initial Motion. The Defendant makes broad accusations that the Court has violated his rights and that the undersigned has not complied with the Seventh Circuit's Rules of Ethics because the Court has not yet issued a ruling on the instant Motion. However, the only basis for the Defendant's conjecture is that the Rules Governing § 2255 require that a court promptly examine § 2255 motions.

While the Rules Governing § 2255 indicate that a court should promptly examine § 2255 motions, the Rules are not like other deadline setting rules or statutes, such as the Speedy Trial Act, as they neither define what constitutes a prompt examination nor provide a timeline for ruling. The Defendant has not cited, and the Court is not aware of, any law that establishes a time period under which the Court must examine a § 2255 motion. A brief survey of § 2255 orders show that the amount of time taken varies by court and, presumably, by the complexity of the issues involved. *Compare Adams v. United States*, Nos. 3:13–CV–00608, 3:01–CR–00175, 2013 WL 6331063, at *1–2 (W.D.N.C. Dec. 5, 2013) (denying a successive § 2255 motion one month after it was filed); *with United States v. Hendershot*, Nos. 04-10191, 00-20043, 2006 WL 770147, at *1 (E.D. Mich. Mar. 27, 2006) (denying an untimely § 2255 motion one and a half years after it was filed). Based on the extensive history of the instant case, the complexity of the legal issues involved, the Court's heavy docket, and the current COVID-19 Pandemic, which has generally slowed judicial proceedings across the

country, the Court concludes that it has promptly examined the Defendant's Motion.

Finally, there is no evidence that the Defendant has been prejudiced by the Court's management of this case. The Defendant asserts that he has been prejudiced because the "deadline for filing *Rehaif* expired," and because he is "innocent of a number of charges that he has spent 18 years in prison for," and that if he were to secure a favorable determination in this case he "would be entitled to resentencing in his instant case . . . and eligible for immediate release." Mot. to Disqualify 5, ECF No. 73, Addendum to Mot. to Disqualify 3, ECF No. 74. Although there are some truths to the Defendant's assertions, neither argument supports the conclusion that the Defendant has been prejudiced.

The Defendant's argument that he has been prejudiced due to the expiration of the *Rehaif* deadline is confusing, as the Defendant has already complied with the deadline. The deadline for filing a § 2255 motion based on the Supreme Court's decision in *Rehaif* was June 21, 2020. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court."). Accordingly, the Defendant is correct that the deadline for filing a § 2255 pursuant to *Rehaif* has expired; however, the Defendant would only be prejudiced if, due to the expiration of the deadline, he was no longer able to present his *Rehaif* arguments to the Court by filing a § 2255 motion. The Court has construed the Defendant's Writ for Coram Nobis [ECF No. 59] to be a § 2255 motion. As such, the Defendant has not been prejudiced because he already filed his § 2255 motion before the *Rehaif* deadline expired.

The Defendant's argument that he has been prejudiced because a favorable disposition on his motion could result in immediate release is also incorrect. Notably, aside from merely stating that he would be entitled to resentencing in the 2003 Case, the Defendant does not explain how he would be eligible for immediate release based on a favorable disposition in this case. The Court recognizes that a favorable disposition in this case may require resentencing, *see* 28 U.S.C. § 2255(b); however, the Court's calculations do not lead the Court to conclude that a resentencing would result in the Defendant's immediate release. The Defendant's term of imprisonment is, in the 2003 Case, 178 months on Counts 1, 3, 6, and 7, 60 months on Count 2, 300 months on Count 4, and 13 months on Count 5, followed by 12 months and 1 day in the instant case. Added up, the Defendant has an aggregate sentence of 563 months and 1 day imprisonment based on his convictions in both cases. Based on the Defendant's motions, it appears that the Defendant believes a favorable disposition in this matter will result in him being absolved of his conviction in this case and of his conviction on Count 5 in the 2003 Case as well as a reduction in his sentence on Counts 1, 3, 6, and 7, in the 2003 Case due to a decreased criminal history category.

For the purpose of this analysis, the Court will assume that the law permits and demands the Defendant's best-case scenario.[5] In such a scenario, the Defendant's sentence could be reduced by up to 106 months and 1 day. Assuming such a reduction, the Defendant's cumulative sentence would be 457 months imprisonment and his scheduled release date

---

5 For clarification, the Court is not suggesting that the law actually permits such a reduction. Furthermore, there is reason to believe the Defendant would not receive the best-case scenario, as Judge Miller never sentenced the Defendant to the minimum sentence permitted by the guidelines.

14

would be in August 2035. Although the best-case scenario would result in a reduction to the Defendant's sentence, a significant portion of his sentence would remain because the bulk of the Defendant's sentence comes from convictions under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1), which were unaffected by the Supreme Court's decision in *Rehaif*. Based on this, the Court concludes that the Defendant's contention that he is eligible for immediate release is incorrect and that he has not been prejudiced by the Court's operations.

The Defendant has failed to show that a reasonable person would perceive a significant risk that the undersigned will resolve this case on a basis other than the merits, thus the Court must deny the Defendant's Motion to Disqualify Chief Judge Springmann [ECF No. 73].

## CONCLUSION

Based on the above analysis, the Court:

- GRANTS the Defendant's Motion to Amend Petitioner's Coram Nobis, Pursuant to Fed. R. Civ. P. 15(a) [ECF No. 61], and his Motion to Amend Petitioner's Motion for Coram Nobis Relief (Doc. 59), Pursuant to Fed. R. Civ. Pro. 15 [ECF No. 64-1].

- CONVERTS and CONSIDERS the Defendant's Writ of Coram Nobis [ECF No. 59] to be a § 2255 motion;

- DENIES any relief requested pursuant to a Writ of Coram Nobis;

- DENIES as moot the Defendant's Motion to Withdraw Coram Nobis and Subsequent Filings [ECF No. 65] and Motion to Strike and Clarify and Reinstate [ECF No. 66];

- DENIES the Defendant's Motion to Disqualify Chief Judge Springmann [ECF No.

73];

- GRANTS the Defendant's request for counsel pursuant to 18 U.S.C. § 3006A and 28 U.S.C. § 2255(g);

- DIRECTS the Clerk of Court to notify the Federal Community Defender's Office to appoint counsel for the Defendant; and

- TAKES UNDER ADVISEMENT the converted § 2255 Motion [ECF No. 59], the Motion for Discovery (Rule 6(a)) in Order to Fully Develop Coram Nobis Claims [ECF No. 62], and the Rule 7 Motion Requesting Expansion of Record [ECF No. 68].

The Court requests that, once counsel has entered an appearance on behalf of the Defendant, the Federal Community Defenders Office either file a supplemental brief in support of the Defendant's § 2255 motion [ECF No. 59], his Motion for Discovery (Rule 6(a)) in Order to Fully Develop Coram Nobis Claims [ECF No. 62], and/or his Rule 7 Motion Requesting Expansion of Record [ECF No. 68], file a notice of its intent not to do so, or file a motion requesting an extension to file a supplemental brief, within 14 days after entering an appearance (or sooner if practicable). After the Defendant has filed a supplemental brief or a notice of intent not to file a supplemental brief, the Government will have 14 days to respond. Once the Government has filed its response, the Defendant will have 14 days to file a reply.

SO ORDERED on September 11, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT